See article 1413, P.C., and Hoovel v. State, 125 Tex.Cr.R. 545, 69 S.W.2d 104.

 It is obvious that in applying the law of theft by false pretext to the facts the charge of the court authorized the jury to convict the appellant if they believed beyond a reasonable doubt that he obtained the property of the injured party by a false pretext. Nowhere in that part of the charge applying the law of theft by false pretext to the facts were the jury required to find a fraudulent intent on the part of the appellant at the time he came into possession of the property to appropriate it to his own use. Nor were they required to believe that the property was so appropriated. The state's attorney before this court has filed a brief in which he confesses error in respect to the matter under consideration. We are constrained to agree with him.

The judgment is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## SHARP v. STATE.

### No. 19712.

Court of Criminal Appeals of Texas.

April 13, 1938.

---

Smith & Dowdy, of McKinney, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for possessing for the purpose of sale intoxicating liquor in dry territory; punishment being a fine of $100.

The complaint and information charge the offense. No statement of facts or bills of exception appearing in the record, nothing is presented for review.

The judgment is affirmed.

## SHROPSHIRE v. STATE.

### No. 19730.

Court of Criminal Appeals of Texas.

April 13, 1938.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for robbery, punishment being 15 years in the penitentiary.

The indictment properly charges the offense. No statement of facts or bills of exception are found in the record. In this condition nothing is presented for review.

The judgment is affirmed.